J-S69033-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEVIN GOBLE, SR. | : | |
| | : | |
| Appellant | : | No. 428 MDA 2018 |

Appeal from the PCRA Order January 31, 2018
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0003767-2009

BEFORE:  BENDER, P.J.E., LAZARUS, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:                    **FILED NOVEMBER 19, 2018**

Kevin Goble, Sr. (Appellant) appeals from the order dismissing as untimely his fourth petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  In addition, Appellant's court-appointed counsel, Matthew P. Kelly, Esquire, has filed a petition to withdraw as counsel and a no-merit letter pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).  Because we conclude that counsel fulfilled the procedural requirements of ***Turner/Finley***, and this appeal is without merit, we grant counsel's petition to withdraw and affirm the PCRA court's order dismissing Appellant's PCRA petition.

A prior panel of this Court summarized the relevant factual and procedural history of this case as follows:

On September 16, 2010, a jury convicted Appellant of rape of a child, involuntary deviate intercourse with a child, aggravated indecent assault of a child, and three counts of indecent assault of a person less than thirteen years of age as a result of the ongoing sexual abuse of his stepdaughter.[FN]1 On March 4, 2011, the court sentenced Appellant to an aggregate sentence of 204 to 408 months of incarceration. Appellant timely filed post-sentence motions arguing that the court abused its discretion by imposing an excessive sentence which failed to adequately consider mitigating circumstances. The court denied Appellant's motion.

> [FN]1 18 Pa.C.S.[A.] §§ 3121(c), 3123(b), 3125(b), and 3126(a)(7), respectively.

[On April 20, 2011,] Appellant timely appealed [to this Court], but his appeal was dismissed for failure to file a brief. Appellant's direct appeal rights were reinstated pursuant to a PCRA petition. On May 28, 2014, this Court denied Appellant's direct appeal. **See Commonwealth v. Goble**, 104 A.3d 61 (Pa. Super. 2014) (unpublished memorandum).

[On March 27, 2015,] Appellant *pro se* filed a petition seeking PCRA relief. Counsel was appointed. Following an evidentiary hearing, on December 22, 2015, the PCRA court denied Appellant's petition. PCRA counsel was granted leave to withdraw representation.

Appellant timely appealed to this Court and, after appellate counsel was appointed, filed a Pa.R.A.P. 1925(b) statement of errors. The trial court did not issue a responsive opinion but adopted its December 22, 2015 memorandum opinion denying Appellant's PCRA petition.

**Commonwealth v. Goble**, 153 MDA 2016 (Pa. Super. Dec. 21, 2016) (unpublished memorandum). On December 21, 2016, this Court affirmed the PCRA court's dismissal of Appellant's PCRA petition.

On June 19, 2017, Appellant filed the instant PCRA petition, his fourth, asserting that on May 23, 2017, he received a sworn statement from his ex-wife in which she alleged that the victim admitted to fabricating the allegations

of sexual assault against Appellant. On January 31, 2018, the PCRA court held a hearing on Appellant's petition, during which Appellant attempted to submit a letter purportedly authored by his ex-wife that alleged the victim recanted her testimony regarding the abuse, without the victim or his ex-wife present to testify. The Commonwealth objected to the letter as being hearsay, and the PCRA court sustained the objection. Because Appellant presented no additional evidence, the PCRA court dismissed Appellant's petition as untimely. This appeal followed. Both Appellant and the PCRA court have complied with Pennsylvania Rule of Appellate Procedure 1925(b).

On August 10, 2018, Attorney Kelly filed a petition to withdraw with this Court, attaching his *Turner/Finley* no-merit letter, with notice to Appellant that he had the right to proceed *pro se* or retain private counsel. Counsel's *Turner/Finley* no-merit letter raises one issue for our review: "Whether the court erred in denying Appellant's PCRA based upon newly discovered exculpatory evidence as untimely pursuant to 42 Pa.C.S.A. § 9545(b)(1)[?]" *Turner/Finley* No-Merit Letter/Brief at 1. Appellant filed a *pro se* motion in opposition to the withdrawal of counsel on October 12, 2018.

In reviewing the denial of a PCRA petition, our review is limited to examining whether the PCRA court's findings are supported by the record and free of legal error. *See Commonwealth v. Hanible*, 30 A.3d 426, 438 (Pa. 2011). We view the findings of the PCRA court and the evidence of record in the light most favorable to the prevailing party. *Id.* "The PCRA court's credibility determinations, when supported by the record, are binding on this

Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions." ***See Commonwealth v. Mason***, 130 A.3d 601, 617 (Pa. 2015).

Before we review the merits of Appellant's claims, we must determine if counsel has satisfied the requirements to be permitted to withdraw from further representation. Pursuant to ***Turner/Finley***, an "[i]ndependent review of the record by competent counsel is required before withdrawal [on collateral appeal] is permitted." ***Commonwealth v. Pitts***, 981 A.2d 875, 876 n.1 (Pa. 2009). In ***Pitts***, our Supreme Court explained that such independent review requires proof of:

1. A "no merit" letter by PC[R]A counsel detailing the nature and extent of his review;

2. The "no merit" letter by PC[R]A counsel listing each issue the petitioner wished to have reviewed;

3. The PC[R]A counsel's "explanation", in the "no merit" letter, of why the petitioner's issues were meritless;

4. The PC[R]A court conducting its own independent review of the record; and

5. The PC[R]A court agreeing with counsel that the petition was meritless.

***Id.*** (citation and brackets omitted). Further, PCRA counsel seeking to withdraw in this Court must contemporaneously forward to the petitioner a copy of the petition to withdraw that includes (i) a copy of both the no-merit letter, and (ii) a statement advising the PCRA petitioner that, upon the filing of counsel's petition to withdraw, the petitioner has the immediate right to

proceed *pro se*, or with the assistance of privately retained counsel. ***Commonwealth v. Muzzy***, 141 A.3d 509, 511-12 (Pa. Super. 2016).

> [W]here counsel submits a petition and no-merit letter that do satisfy the technical demands of ***Turner/Finley***, . . . this Court[ ] must then conduct its own review of the merits of the case. If the [C]ourt agrees with counsel that the claims are without merit, the [C]ourt will permit counsel to withdraw and deny relief. By contrast, if the claims appear to have merit, the [C]ourt will deny counsel's request and grant relief, or at least instruct counsel to file an advocate's brief.

***Commonwealth v. Wrecks***, 931 A.2d 717, 721 (Pa. Super. 2007) (citation omitted).

Here, in the ***Turner/Finley*** no-merit letter, Attorney Kelly described the extent of his review, identified the issue that Appellant sought to raise, and explained why the issue lacked merit. In addition, Attorney Kelly has indicated that he provided Appellant with a notice of his intention to seek permission to withdraw from representation, a copy of the ***Turner/Finley*** no-merit letter, and advised Appellant of his rights in lieu of representation. Petition to Withdraw as Counsel, 8/10/18. Thus, we conclude that Attorney Kelly has substantially complied with the requirements necessary to withdraw as counsel. ***See Commonwealth v. Karanicolas***, 836 A.2d 940, 947 (Pa. Super. 2003) (holding that substantial compliance with requirements to withdraw as counsel will satisfy the ***Turner/Finley*** criteria). We thus independently review Appellant's claim to ascertain whether he is entitled to relief.

"Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition." *Commonwealth v. Monaco*, 996 A.2d 1076, 1079 (Pa. Super. 2010) (quoting *Commonwealth v. Robinson*, 837 A.2d 1157, 1161 (Pa. 2003)). A petitioner must file a PCRA petition within one year of the date on which the petitioner's judgment became final, unless one of the three statutory exceptions applies:

(i)      the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)     the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)    the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1). A petitioner must file a petition invoking one of these exceptions "within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). If a petition is untimely, and the petitioner has not pled and proven any exception, "neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Derrickson*, 923 A.2d 466, 468 (Pa. Super. 2007) (quoting *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006)).

Appellant's PCRA petition is facially untimely. "A judgment is deemed final 'at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.'" *Monaco*, 996 A.2d at 1079 (quoting 42 Pa.C.S.A. § 9545(b)(3)). The trial court entered Appellant's judgment of sentence on March 4, 2011. Following the reinstatement of his direct appeal rights, Appellant filed a notice of appeal with this Court on February 1, 2013. This Court affirmed Appellant's judgment of sentence on May 28, 2014. *See Commonwealth v. Goble*, 238 MDA 2013 (Pa. Super. May 28, 2014) (unpublished memorandum). Appellant did not file a petition for allowance of appeal with our Supreme Court. Therefore, Appellant's judgment of sentence became final 30 days from May 28, 2014, or June 27, 2014. *See* Pa.R.A.P. 1113(a) ("Except as otherwise prescribed by this rule, a petition for allowance of appeal shall be filed with the Prothonotary of the Supreme Court within 30 days after the entry of the order of the Superior Court . . . sought to be reviewed."). Under Section 9545(b)(1), Appellant had to file his PCRA petition within one year of June 27, 2014, or June 27, 2015. Appellant did not file the instant PCRA petition, his fourth, until June 19, 2017. Accordingly, we are without jurisdiction to decide Appellant's appeal unless he pled and proved one of the three timeliness exceptions of Section 9545(b)(1). *See Derrickson*, 923 A.2d at 468.

Appellant argues that he satisfied the newly-discovered fact exception under section 9545(b)(1)(ii), and therefore, the PCRA court possessed

jurisdiction over the merits of his petition. The newly-discovered fact exception:

> has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) the facts upon which the claim was predicated were unknown and 2) could not have been ascertained by the exercise of due diligence. If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection.

*Commonwealth v. Bennett*, 930 A.2d 1264, 1272 (Pa. 2007) (internal quotation marks and citations omitted) (emphasis removed).

Appellant contends that a handwritten letter by his ex-wife, Genevieve Goble, dated April 9, 2017, and received by Appellant on or around May 23, 2017, constituted a newly-discovered fact. The letter reads, in relevant part, as follows:

> I, Genevieve, was incarcerated last Dec[ember]. When I got out and seen [the victim] in Jan[uary,] she told me [Appellant] never did anything to her and how does it feel to have every thing [sic] I loved taken away from me? The conversation came up because she was trying to make the same statements on my previous boyfriend I'm with now.
>
> My husband, [Appellant,] was wrongfully convicted for sexually touching [the victim]. After he was convicted and found guilty she stated to me and the foster parent[, "]she won[."] Then [she] looks at me and says[, "]How it feel now your [sic] alone[,"] and [that] I got what I wanted. She walked away laughing.

Appellant's PCRA Petition, 6/19/17, at Ex. A.

The foregoing statement does not constitute a newly-discovered fact. We find instructive our Supreme Court's decision in *Commonwealth v. Yarris*, 731 A.2d 581 (Pa. 1999). In *Yarris*, the petitioner sought to invoke

the newly-discovered fact exception to the PCRA's timeliness requirement. He relied upon an affidavit by an individual who said that she heard another individual, not the petitioner, confess to the murder for which the petitioner was convicted. Our Supreme Court held:

> [E]vidence which purportedly reveals that someone other than [the petitioner] committed the murder is hearsay, not within any exception, and so unreliable as to be inadmissible. A claim which rests exclusively upon inadmissible hearsay is not of a type that would implicate the [newly-discovered fact] exception to the timeliness requirement, nor would such a claim, even if timely, entitle [the petitioner] to relief under the PCRA.

*Id.* at 592.

Here, the alleged statement by the victim recanting her testimony that Appellant sexually assaulted her is hearsay, as it is an out-of-court statement offered for the truth of the matter asserted. *See* Pa.R.Evid. 801(c). Any argument that the victim's statement recanting her prior testimony was a statement against interest fails because "for this exception to apply, the declarant must be unavailable as a witness. . . ." *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1270 (Pa. 2008). Appellant has not alleged that the victim was unable to testify. Therefore, the letter is inadmissible hearsay and does not fall under the newly-discovered fact exception to the PCRA's time bar. Because the underlying petition was facially untimely and Appellant has failed to plead or prove any of the exceptions to the time-bar, both the PCRA court and this Court lack jurisdiction. Accordingly, the PCRA court properly dismissed Appellant's PCRA petition.

Petition to withdraw granted.  Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/19/2018